UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDEN ROBINSON,<br>　　　　Plaintiff,<br>　　v.<br>A. JACKSON,<br>　　　　Defendant. | Case No. 18-cv-06814-HSG<br><br>**ORER DENYING REQUEST FOR DEFAULT JUDGMENT; SUA SPONTE GRANTING PLAINTIFF AN EXTENSION OF TIME TO OPPOSE SUMMARY JUDGMENT MOTION**<br><br>Re: Dkt. No. 32 |

Plaintiff, an inmate at California State Prison – Solano, filed this *pro se* civil rights action under 42 U.S.C. § 1983 alleging that Alameda County deputy Jackson used excessive force on him when he was previously housed as a pretrial detainee at Santa Rita County Jail. Plaintiff states that default has been entered against defendant Jackson for failure to appear[1] and requests that the Court enter default judgment against defendant Jackson. Dkt. No. 32.

On January 30, 2019, the Court issued a summons to defendant Jackson. Dkt. No. 12. On February 5, 2019, the Court received the executed summons, indicating that defendant W.A. Cohen had been served on February 4, 2019. Dkt. No. 15. On April 23, 2019, defendant Jackson, represented by counsel, appeared in this case by filing a motion requesting an extension of time to file his dispositive motion. Dkt. No. 17. The Court granted this extension of time, and later granted a second extension of time. Dkt. Nos. 18, 23. On August 27, 2019, defendant Jackson filed the summary judgment motion that is now pending before the Court. Dkt. No. 24. On January 22, 2020, after the pending request for default judgment was filed, defendant Jackson filed

---

[1] The Court presumes that plaintiff's allegation that defendant Jackson failed to "appeal" (Dkt. No. 32 at 2) was a typographical error and that plaintiff seeks default judgment based on defendant Jackson's alleged failure to appear.

a waiver of reply pursuant to 42 U.S.C. § 1997(e), stating that because the Court's January 29, 2019 Order of Service did not require defendant Jackson to file a reply or answer, defendant Jackson instead complied with the dispositive motion deadline set forth in the order. Dkt. No. 33.

Entry of default generally establishes a defendant's liability. The Court has the discretion to deny entry of default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). At the present time, defendant Jackson has appeared and has filed a waiver of reply. Plaintiff has failed to demonstrate any prejudice from defendant Jackson's late filing of his waiver of reply. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986) (setting forth factors to be considered in exercising discretion to enter default judgment); *see also Lau Ah Yew v. Dulles*, 236 F.2d 415, 416 (9th Cir. 1956) (upholding denial of motion for entry of default judgment where answer was not timely). Because plaintiff does not explain how he was prejudiced because of defendant Jackson's delay in responding, and because the Court recognizes the policy that "[c]ases should be decided upon their merits whenever reasonably possible," plaintiff's request for the entry of a default judgment is DENIED. *Eitel*, 782 F.2d at 1472.

The Court notes that plaintiff has not filed his opposition to the pending summary judgment motion, and the deadline to do so has passed. The Court has granted plaintiff two extensions of time to January 7, 2020 to file his opposition. Dkt Nos. 28, 30. The Court will *sua sponte* grant plaintiff an extension of time to February 7, 2020 to file his opposition. No further extensions of time will be granted to plaintiff without a showing of good cause.

This order terminates Dkt. No. 32.

**IT IS SO ORDERED.**

Dated: 2/3/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge