UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDEN ROBINSON,<br><br>    Plaintiff,<br><br>  v.<br><br>A. JACKSON,<br><br>    Defendant. | Case No. 18-cv-06814-HSG<br><br>**ORDER DENYING AS MOOT REQUEST FOR DISCOVERY; DENYING REQUEST TO DISMISS SUMMARY JUDGMENT MOTION**<br><br>Re: Dkt. No. 41 |

Plaintiff, an inmate at California State Prison – Solano, filed this *pro se* civil rights action under 42 U.S.C. § 1983 alleging that Alameda County deputy Jackson used excessive force on him when he was previously housed as a pretrial detainee at Santa Rita County Jail. Pending before the Court are (1) defendant Jackson's August 27, 2019 summary judgment motion (Dkt. No. 20), to which plaintiff has not yet responded, and (2) plaintiff's request that the Court dismiss the summary judgment motion and allow plaintiff to conduct discovery so that plaintiff can oppose the summary judgment motion (Dkt. No. 41). For the reasons set forth below, the Court DENIES as moot plaintiff's request to conduct discovery; DENIES plaintiff's request to dismiss the summary judgment motion; and resets the briefing schedule.

**DISCUSSION**

Plaintiff requests that the Court dismiss the summary judgment motion and allow plaintiff to conduct discovery so that plaintiff can oppose the summary judgment motion. Plaintiff alleges that the Court's failure to allow discovery and the limited discovery provided by defendant Jackson via the summary judgment motion has violated plaintiff's due process rights, implies defendant Jackson's guilt of the alleged constitutional violation, and prevents plaintiff from opposing the summary judgment motion. Plaintiff states that, after reviewing the summary

judgment motion, he has realized that he may need to amend the complaint to add as defendants two nurses who were aware of the inadequate medical treatment provided for his dislocated shoulder.[1] *See* Dkt. No. 41.

Plaintiff's request that the Court allow him to conduct discovery is DENIED as moot. When the Court screened plaintiff's complaint on January 29, 2019, over a year ago, the Court instructed the parties that discovery could be taken in accordance with the Federal Rules of Civil Procedure and that no further order was needed to engage in discovery. Dkt. No. 10 at 6. Plaintiff has been able to engage in discovery since January 29, 2019. Neither the Court nor Defendant Jackson have denied plaintiff discovery.

The Court also DENIES plaintiff's request that the Court dismiss the summary judgment motion so that plaintiff may conduct the discovery necessary to oppose the summary judgment motion. Defendant Jackson filed the summary judgment motion over six months ago, plaintiff has communicated with the Court multiple times since the motion was filed (Dkt. Nos. 27, 29, 32, 34, 37), and the Court has granted plaintiff four extensions of time to file his opposition (Dkt. Nos. 28, 30, 35, 38). It is unclear why plaintiff has waited over six months to raise an issue regarding lack of discovery. Plaintiff has not shown good cause to further delay this case so that he may conduct discovery.

However, given the current circumstances, the Court will grant plaintiff a final extension of time to oppose the summary judgment motion. Plaintiff shall file his opposition by July 2, 2020. Defendant Jackson shall file his reply in support of the summary judgment by July 16, 2020. This extension of time should allow plaintiff to conduct discovery. **No further extensions of time will be granted.**

It is plaintiff's responsibility to prosecute this action. This includes reading the Court's orders, reading the pleadings filed by opposing counsel,[2] and timely taking the actions plaintiff

---

[1] The complaint only alleges an excessive force claim; it does not raise a claim of constitutionally inadequate medical treatment. Dkt. No. 1; Dkt. No. 10.

[2] It is unclear if plaintiff is reading the orders and pleadings filed in this action. On September 23, 2019, plaintiff requested an extension of time to oppose the summary judgment motion. Dkt. No. 27. Yet, on November 6, 2019, plaintiff requested an extension of time to respond to the order to show cause, even though there has been no order to show cause issued in this action. Dkt. No. 29.

believes are necessary to prosecute this case. The Court cannot offer plaintiff legal advice or advise plaintiff how to prosecute this action.

## CONCLUSION

For the foregoing reasons, the Court DENIES as moot plaintiff's request to conduct discovery and DENIES plaintiff's request to dismiss the summary judgment motion. The Court resets the briefing schedule. Plaintiff shall file his opposition by July 2, 2020. Defendant Jackson shall file his reply in support of the summary judgment by July 16, 2020. **No further extensions of time will be granted.**

This order terminates Dkt. No. 41.

**IT IS SO ORDERED.**

Dated: 4/29/2020

*Haywood S. Gilliam Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

On January 21, 2020, plaintiff requested that default judgment be entered against defendants for failure to appear even though defendant Jackson had appeared on April 23, 2019 and had filed a summary judgment motion. Dkt. No. 32. On January 28, 2020, plaintiff filed a letter stating that he was under the impression that defendant Jackson had not yet filed a summary judgment motion, despite having previously requested an extension of time to oppose the summary judgment motion. Dkt. No. 34.